IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH E. ALSPAUGH,

    Petitioner,                       No. CIV S-11-2481 GGH P

    vs.

RANDY GROUNDS, Warden,

    Respondent.                   ORDER

_____/

        Petitioner, is a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Petitioner has consented to the jurisdiction of the undersigned.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

Petitioner attaches a copy of a denial of a petition for review by the state Supreme Court, dated September 15, 2010, and contends that he has "just recently discovered that his one year limitation is running out." Petition, pp. 13, 18. Unfortunately, however, petitioner also states "no grounds have been exhausted by petitioner at this time...." and, elsewhere, "no grounds have been exhausted fully at this time." Petition, pp. 10, 12. As noted in Pace v. Diguglielmo, 544 U.S. 408, 416, 125 S. Ct. 1807 (2005), a petitioner may file a "protective" petition in federal court asking the court for a stay and abeyance while he seeks exhaustion of state court remedies; however, there is no stay available for a petition containing only unexhausted claims for the sound reason that there is nothing to stay if no claims have been exhausted. Although a district court has discretion, in limited circumstances, to grant a stay of a mixed petition – that is, a petition containing both exhausted and unexhausted claims – pending exhaustion of state court remedies, see Rhines v. Webber, 544 U.S. 269, 125 S. Ct. 1528 (2005), the Ninth Circuit has "decline[d] to extend that rule to the situation where the original habeas petition contained only unexhausted claims...." Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Subsequent to the filing of his petition, petitioner has brought a motion to stay seeking to invoke the procedure pursuant to King v.Ryan, 564 F.3d 1133 (9th Cir. 2009) (citing Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003)). Under the Kelly procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition. Kelly, 315 F.3d at 1070-71. The Kelly stay-and-abeyance procedure has no requirement of a good cause showing or that the

claims are potentially meritorious. However, even if petitioner were eligible to use the Kelly procedure, it would mean that newly-exhausted claims set forth in any amended petition must relate back to the claims in the stayed petition; in other words, "the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King v. Ryan, supra, 564 F.3d at 1141. As in the petition, however, in his motion to stay, petitioner indicates that none of his claims have been exhausted, which on the face of it precludes the filing of an exhausted-claims-only petition which could be stayed in this court under the Kelly procedure.[2]

After reviewing the petition for habeas corpus as well as petitioner's motion for a stay and abeyance, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition will be dismissed without prejudice.[3]

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis; and

2. The Clerk of the Court is directed to serve a copy of this order together with a copy of the petition filed in the instant case on the Attorney General of the State of California;

3. Petitioner's September 22, 2011 (docket # 4), motion for a stay of his wholly unexhausted petition is denied; and

\\\\

---

[2] In his motion, petitioner makes a vague reference to a claim of actual innocence, which unexhausted claim cannot save this petition which evidently encompasses only claims that have not been presented to the state court.

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1     4. Petitioner's application for a writ of habeas corpus is dismissed for failure to exhaust state court remedies.

    5. The court declines to issue any Certificate of Appealability.

DATED: October 14, 2011

    /s/ Gregory G. Hollows
    UNITED STATES MAGISTRATE JUDGE

GGH:009
alsp2481.103n+